UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TAMIKA ROLAND o/b/o M.K.R.,

                        Plaintiff,

              v.

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.
_____

DECISION AND ORDER

18-CV-0175L



Plaintiff, on behalf of her minor daughter, M.K.R. ("claimant"), appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that M.K.R. was not disabled.

Plaintiff protectively filed an application for Supplemental Security Income on September 8, 2014, on M.K.R.'s behalf, claiming disability as of June 1, 2011. That claim was initially denied on February 2, 2015. Plaintiff requested a hearing, which was held on November 4, 2016 before Administrative Law Judge ("ALJ") William M. Weir. (Dkt. #8 at 10). On January 11, 2017, the ALJ issued a decision concluding that M.K.R. was not disabled. (Dkt. #8 at 10-24). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 5, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals.

Plaintiff has moved for judgment remanding the matter (Dkt. #9), and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision was not supported by

substantial evidence and was the product of legal error, and that remand for further proceedings is appropriate.

## DISCUSSION

**I.     Relevant Standards**

Because M.K.R. is a child, a particularized, three-step sequential analysis is used to determine whether she is disabled. First, the ALJ must determine whether she is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, she is not disabled. If not, the ALJ proceeds to step two, and determines whether the child has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – she is disabled. If not, she is not disabled. In making this assessment, the ALJ must measure the child's limitations in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that M.K.R. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

**II.     The ALJ's Decision**

The ALJ initially found that M.K.R. (10 years old at the time of the application and 7 years old on the alleged onset date) has the severe impairments of attention deficit hyperactivity disorder ("ADHD"), a learning disability, and obesity. (Dkt. #8 at 13). The ALJ proceeded to analyze whether M.K.R. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical, educational and testimonial evidence presented, the ALJ concluded that since June 1, 2011, M.K.R. has had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, no limitation in interacting and relating with others, a less than marked limitation in moving about and manipulating objects, no limitation in caring for herself, and a less than marked limitation in health and physical well-being. The ALJ accordingly concluded that M.K.R. is "not disabled." (Dkt. #8 at 17-24).

**III.    The ALJ's Development of The Record**

Claimant argues that the ALJ failed to properly develop the record with respect to M.K.R.'s cognitive abilities, by failing to order additional intelligence testing to supplement the I.Q. test results of record, which were obtained on September 6, 2012 and January 9, 2015, two and four years prior to the ALJ's January 11, 2017 decision. Claimant argues that because the IQ tests he discussed in his decision were stale, the ALJ's finding that M.K.R. was "less than markedly limited" in the domain of acquiring and using information was not supported by substantial evidence. Plaintiff also argues that cognitive testing was necessary in order to determine whether

3

M.K.R. met the requirements of Listing 112.05D for "mental retardation" (in the form of the Listing that was effective as of the ALJ's January 11, 2017 decision)[1] which provided that a child is disabled if, inter alia, she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning," with "a valid verbal, performance, or full scale IQ of 60 to 70 and a physical or other mental impairment imposing an additional and significant limitation of function." *See generally Ramos v. Astrue*, 2013 U.S. Dist. LEXIS 52472 at *38 (S.D.N.Y. 2013) (describing the elements of Listing 112.05D prior to amendments that took effect January 17, 2017).

As to the determination of M.K.R.'s intellectual and adaptive functioning, "[c]ourts have found circumstantial evidence, such as [attendance in special education classes and difficulties in reading, writing or math] sufficient to infer deficits in adaptive functioning." *Edwards v. Astrue*, 2010 U.S. Dist. LEXIS 96830 at *7-*8 (N.D.N.Y. 2010). Here, M.K.R. had an IEP and received special education services on an annual basis, beginning in or around 2012. Her most recent IQ test, administered on January 9, 2015, yielded a score of 61, suggesting significant intellectual deficits.[2] (Dkt. #6 at 233-37). Although her academic progress was in the low average range, intellectual functioning was generally assessed as "borderline" or "borderline to deficient." (Dkt. #8 at 182, 230-31). Furthermore, consulting psychiatrist Dr. Janine Ippolito opined that M.K.R. has deficits in both social and academic adaptive functioning. (Dkt. #8 at 231).

---

1 The internal numbering of this Listing has changed multiple times in recent years, and the section at issue appears to have been variously denoted as 112.05C and 112.05D during the relevant period. *Compare Marie*, 2017 U.S. Dist. LEXIS 88318 at *7 (quoting Listing 112.05D) *with Mercado v. Berryhill*, 2017 U.S. Dist. LEXIS 203352 at *18 (W.D.N.Y. 2017) (ascribing identical language to Listing 112.05C). For clarity, the Court is referring to the section of the Listing, however labeled, that provided (prior to revisions that became effective on January 17, 2017) that a child is disabled if she has a "valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

2 While the two stale IQ test results were no longer valid at the time of the ALJ's decision because they were over two years old, they nonetheless had each remained valid for two years during the relevant period, and should have been considered by the ALJ as relevant and instructive.

With respect to the final requirement of the Listing, the regulations provide that the Commissioner will "assess the degree of functional limitation the additional impairment imposes to determine if it causes more than minimal functional limitations." 20 C.F.R. §416.924(a). The ALJ's finding that M.K.R. suffers from the severe impairments of ADHD and obesity in addition to a learning disability "amounted to a *per se* finding that plaintiff satisfied the final prong of Listing 112.05(D)." *Marie v. Colvin*, 2017 U.S. Dist. LEXIS 88318 at *8 (W.D.N.Y. 2017) (finding claimant presumptively disabled under Listing 112.05(D), given special education services, IEP, and additional severe impairments of Turner's syndrome, hypertension and obesity). Regardless, the ALJ does not appear to have considered M.K.R.'s impairments under Listing 112.05D at all, and thus engaged in no meaningful analysis of whether the record established a disability under that section. This is reversible error.

"The Court will not engage in a discussion which is a task properly left to the Commissioner, however, given the similarities between [M.K.R.'s] impairments/symptoms and the criteria of Listing 112.05[D], the ALJ should have given some explanation as to why [M.K.R's] impairment(s) do[] not meet the criteria." *Hamedallah v. Astrue*, 876 F. Supp. 2d 133, 144-45 (N.D.N.Y. 2012) (remanding for further proceedings where ALJ provided only a one-sentence analysis of why claimant's impairments did not meet the criteria for Section 112.05D). Accordingly, remand is appropriate.

Because the Court has determined that remand is appropriate to consider whether M.K.R. was disabled under Listing 112.05D, the Court declines to consider plaintiff's alternative arguments.

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision is not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for a remand (Dkt. #9) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied, and the matter is remanded for further proceedings.

Upon remand, the ALJ is directed to reconsider whether M.K.R. is disabled pursuant to Listing 112.05D, and to more fully develop the record, to the extent possible, with respect to M.K.R.'s intellectual and adaptive functioning, as well as the manner and extent of the limitations posed by her additional severe impairments, including but not limited to the gathering of reports from M.K.R.'s teachers (the present record contains none), copies of M.K.R.'s grades from each of the relevant school years (the present record is largely incomplete except for one pertinent academic year), and additional intelligence testing (the present record contains just two IQ records, both obtained more than 2-4 years before the ALJ's decision). The ALJ's decision should explain why M.K.R.'s borderline intellectual functioning, IQ score(s), ADHD, learning disability and obesity – do or do not meet the requirements of the Listing.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 26, 2019.